**LAW OFFICE OF JORDAN MARSH LLC**
Jordan Marsh
5 Revere Drive Suite 200
Northbrook, IL 60062
(224)220-9000|Fax: (312) 667-9216
jordan@jmarshlaw.com
IL Bar #6216489

**THE BECK LAW FIRM**
Thomas Beck
P.O. Box 101
Los Alamitos, CA 90720
562-795-5835
thebecklawfirm@gmail.com
CA Bar # 81557

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MONICA RICHARDS AND CHRISTINA SLOVENEC, as conservators of the estate of Robert Ponce, a disabled individual,

Plaintiffs,

vs.

COUNTY OF LOS ANGELES, ROBERT G. LUNA, SHERIFF OF THE COUNTY OF LOS ANGELES, Los Angeles County Sheriff's Deputy MARTIN MACIEL, and Los Angeles County Sheriff's Deputy A. BALLESTEROS, and DOES 1-10.

Defendants.

Case No.:

**COMPLAINT FOR DAMAGES**
**1. §1983 EXCESSIVE FORCE**
**2. §1983 FAILURE TO INTERVENE**
**3. §1983 FAILURE TO PROVIDE MEDICAL ASSISTANCE**
**4. §1983 FALSE ARREST**
**5. §1983 MALICIOUS PROSECUTION**
**6. §1983 MONELL CLAIM**
**4. BATTERY**
**5. MALICIOUS PROSECUTION**
**8. BANES CIVIL RIGHTS CLAIM**

## COMPLAINT FOR DAMAGES

Now comes Plaintiffs MONICA RICHARDS and CHRISTINA SLOVENEC, as conservators of the estate of Robert Ponce, a disabled individual, by their counsel, LAW OFFICE OF JORDAN MARSH LLC, and THE BECK LAW FIRM, complaining of Defendants, COUNTY OF LOS ANGELES AND ROBERT G. LUNA, SHERIFF OF THE COUNTY OF LOS ANGELES, and

1

Los Angeles County Deputies MARTIN MACIEL and A. BALLESTEROS, and state the following:

## INTRODUCTION

1. This matter concerns the use of excessive force and the failure to provide medical assistance by defendants to Robert Ponce, a disabled individual.

2. Defendant Maciel, without probable cause or reasonable suspicion, used excessive, unnecessary, and unreasonable force to arrest Robert Ponce, a disabled individual, causing him serious injuries.

3. Defendant Ballesteros assisted Defendant Maciel in the detention of Robert Ponce, a disabled individual, and did nothing to stop the unconstitutional and extra-legal conduct.

## JURISDICTION AND VENUE

4. This action arises under the Constitution of the United States, particularly the Fourth and Fourteenth Amendments to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the laws of the State of California.

5. The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Sections 1331 and 1343. Plaintiff also invoke the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

6.     Venue is proper in the United States District Court for the Central District of California under Title 28 of the United States Code, Section 1391(b)(2), as the events complained of occurred within this district.

## PARTIES

7.     Plaintiffs Monica Richards and Christina Slovenec are residents of Orange County, California, and sisters of Robert Ponce.  They are co-conservators of the estate of Robert Ponce, a disabled individual.

8.     Plaintiff Robert Ponce ("Robert") is a 58-year-old disabled individual who resides in Artesia, California.  He is brain damaged and has brain atrophy.  He is the brother of Monica Richards and Christina Slovenec.

9.     Defendants Martin Maciel and A. Ballesteros were at all times relevant, sworn deputies employed by the SHERIFF OF THE COUNTY OF LOS ANGELES, and were acting within the scope of their agency, service and/or employment with the SHERIFF OF THE COUNTY OF LOS ANGELES and the COUNTY OF LOS ANGELES, and were acting under color of the statutes, ordinances, regulations, customs, and usages of the State of California.   Defendants Maciel and Ballesteros are sued in their individual capacities.

10.     Defendant COUNTY OF LOS ANGELES (hereinafter referred to as "COUNTY") is and at all times herein mentioned has been a public entity and an incorporated county duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant COUNTY has possessed the power and authority to adopt policies

3

and prescribe rules, regulations and practices affecting the operation of Los Angeles County Sheriff's Department, (LASD) and particularly said Department's Field Services, Patrol, Internal Investigations and Training and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiffs, and their tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, the use and deployment of dangerous weapons, the use of force, and powers of arrest by its rank and file.

11.   Defendant ROBERT G. LUNA is the duly elected Sheriff of the County of Los Angeles (hereinafter referred to as "LASD"). He is sued in his official capacity.

12.   Defendants DOES 1-10 were at all relevant times employees of the LASD, acting within the scope of their agency, service and/or employment with the LASD and the COUNTY, and were acting under color of the statutes, ordinances, regulations, customs, and usages of the State of California. Does 1-10 are sued in their individual capacities.

## **FACTS**

13.   On September 3, 2022, Robert was at the Panera restaurant at 15224 Rosencrans Avenue, in La Mirada, California, where he was supposed to meet his brother Edward.

14.   On that date, Defendants Maciel and Ballesteros entered the restaurant and approached Robert, who was sitting near the south exit of the restaurant.

4

15.     Defendant Maciel took Robert's drink and bag and told him to go outside.

16.     According to Maciel's report:

   a. Robert followed Maciel outside, where Defendant Maciel shoved Robert in the chest.

   b. Robert attempted to push Defendant Maciel's arm away.

   c. Maciel shoved Robert again.

   d. Robert then pushed Maciel in the chest with both hands.

   e. Maciel punched Robert in the face multiple times, and then took him to the ground.

17.     At one point, the defendant deputies forced Robert down a small flight of stairs as he screamed in pain.

18.     Robert repeatedly yelled that he had pain in his leg.

19.     Defendant Ballesteros was present and could have intervened to protect Robert from Defendant Maciel's excessive force but failed to do so.

20.     Maciel's report of the incident is materially inconsistent with the report of his partner, defendant Ballesteros.

21.     Maciel reported that "I placed my hand out to create distance and advised him to step back. The suspect pushed my hand out of the way and pushed me on the chest with both of his hands."

22.     Ballesteros reported that Maciel initiated contact by pushing Robert, and then struck him again in the chest, before Robert pushed back.

5

23.     Defendant Ballesteros claimed in his report that "Once on the ground, the suspect refused to comply with orders and tucked his arms under his body."

24.     However, Defendant Maciel's report never mentioned this alleged resistance, and stated that Maciel "was able to control the suspect on the ground and handcuff him without further incident, with the assistance of Deputy Ballesteros."

25.     As a result of Defendants' actions and inactions, Robert suffered a leg fracture.

26.     The officers' reports make no mention of Robert's broken leg. Maciel's report states that Robert "was treated in the field by Los Angeles Fire Department Engine 49".

27.     Defendant Maciel, who punched Robert multiple times in the face and broke his leg, transported himself to the hospital, despite not claiming to be injured in his report.

28.     Later, Defendant Maciel informed an investigator that "he believed he was scratched on the face" by Robert.  He also claimed minimal swelling to his hand, presumably caused by his multiple punches to Robert's face.

29.     On September 7, 2022, Robert was taken from jail to court for his arraignment while strapped down in a gurney.

30.     Robert was charged with petty theft and battery on a peace officer, both misdemeanors. Yet he was held in custody for more than six months.

6

31.     Robert's leg was surgically repaired at the Los Angeles County +

University of Southern California Medical Center on September 29, 2022.

32.     Throughout his time in custody, Robert's medical needs were

unaddressed.

33.     All charges against Robert were dismissed on or about March 17,

2023.

34.     As a proximate result of the defendants' actions and inactions

described herein, Robert sustained severe and permanent injuries, and suffered

severe physical pain and emotional pain and trauma.

35.     Prior to this incident, Robert was in good physical condition. He

would routinely make phone calls with his mobile phone, dress himself, walk to

and from local restaurants, and order and pay for his meals.  Today, as a direct

result of Defendants' actions described herein, Robert is unable to walk or to

support his own weight. His ability to communicate and to understand what is

going on around him is severely limited.   He is unable to manage his own

affairs.

## COUNT I – FEDERAL CLAIM
## EXCESSIVE FORCE
## DEFENDANT MACIEL

36.     Each paragraph of this Complaint is incorporated as if restated

fully herein.

37.     Robert did nothing to justify Defendant Maciel's actions.

38.     At all times relevant, Defendant Maciel was acting under color of

the statutes, ordinances, regulations, customs, and usages of the State of

7

California, and within the scope of his employment as employee of the COUNTY and the LASD.

39.    The actions of Defendant Maciel constituted unreasonable, unjustifiable, and excessive force against Robert, violating his rights under the Fourth Amendment to the United States Constitution.

40.    As a direct and proximate result of Defendant Maciel's conduct, Robert suffered severe and permanent physical injuries, permanent disability, emotional trauma, mental pain and suffering, and anxiety.

## COUNT II – FEDERAL CLAIM
### FAILURE TO INTERVENE
### DEFENDANT BALLESTEROS

41.    Each paragraph of this Complaint is incorporated as if restated fully herein.

42.    Defendant Ballesteros had a reasonable opportunity to prevent the violation of Robert's constitutional rights as set forth above but failed and refused to do so.

43.    As a direct and proximate result of Defendant Ballesteros' conduct, Robert suffered severe and permanent physical injuries, permanent disability, emotional trauma, mental pain and suffering, and anxiety.

## COUNT III – FEDERAL CLAIM
### FAILURE TO PROVIDE MEDICAL ASSISTANCE
### CURRENTLY UNKNOWN DEFENDANTS

44.    Each paragraph of this Complaint is incorporated as if restated fully herein.

8

45.     Defendants DOES 1-10 failed to provide necessary medical assistance for Robert's injuries, in violation of the Fourteenth Amendment to the U.S. Constitution.

46.     The actions of Defendants were unreasonable in light of the totality of the circumstances.

47.     At all times relevant, Defendants were acting under color of the statutes, ordinances, regulations, customs, and usages of the State of California, and within the scope of their employment as employees of the COUNTY and the LASD.

48.     As a direct and proximate result of Defendants' conduct, Robert suffered severe and permanent physical injuries, permanent disability, emotional trauma, mental pain and suffering, and anxiety.

## COUNT IV – FEDERAL CLAIM
## MALICIOUS PROSECUTION
## DEFENDANTS MACIEL AND BALLESTEROS

49.     Each paragraph of this Complaint is incorporated as if restated fully herein.

50.     Defendant Maciel and Ballesteros initiated and/or continued a judicial proceeding against Robert without probable cause, and with malice. The proceeding terminated on March 17, 2023, in favor of Robert.

51.     As a direct and proximate result of Defendants' conduct, Robert suffered severe and permanent physical injuries, permanent disability, emotional trauma, mental pain and suffering, and anxiety.

## COUNT V – FEDERAL CLAIM

9

## FALSE ARREST
## DEFENDANTS MACIEL AND BALLESTEROS

52.    Each paragraph of this Complaint is incorporated as if restated fully herein.

53.    Defendants MACIEL and BALLESTEROS caused Robert to be arrested without probable cause to believe he had committed a crime, in violation of the Fourth Amendment to the U.S. Constitution.

54.    At all times relevant, Defendants were acting under color of the statutes, ordinances, regulations, customs, and usages of the State of California, and within the scope of their employment as Los Angeles County Sheriff's deputies.

55.    As a direct and proximate result of Defendants' conduct, Robert suffered loss of liberty, severe and permanent physical injuries, emotional trauma, mental pain and suffering, and anxiety.

## COUNT VI – FEDERAL CLAIM
## UNLAWFUL CUSTOM AND PRACTICE UNDER SECTION 1983
## DEFENDANTS COUNTY, LASD

56.    Each paragraph of this Complaint is incorporated as if restated fully herein.

57.    Defendants COUNTY and LASD have always been public entities and incorporated municipalities duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendants COUNTY and LASD, possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of

10

the Los  Angeles Sheriff's Department and its tactics, methods, practices, customs and usages related to narcotics investigations, internal investigations, personnel supervision and records maintenance.

58.    At all times herein mentioned, Defendants, and each of them, were employees acting the direction and control of the COUNTY and LASD, which knowingly and intentionally promulgated, maintained, applied, enforced and effectuated the continuation of policies, customs, practices and usages in violation of the First, Fourth and Fourteenth Amendments to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned required and encouraged the employment, deployment and retention of persons as peace officers who have demonstrated their corruption, frauds, dishonesty, bigotry, and numerous other serious abuses of their powers as peace officers in the employment of the COUNTY.

59.    Defendants COUNTY and LASD knowingly maintains and permits official sub-rosa policies or customs of permitting the occurrence of the kinds of wrongs set forth above, by deliberate indifference to widespread police abuses, failing and refusing to impartially investigate, discipline or prosecute peace officers who commit acts of criminal dishonesty and crimes of violence, each ratified and approved by COUNTY and LASD.

60.    The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by defendant COUNTY and LASD include, but are not limited to:

(1) Defendants refused to adequately discipline individual officers and employees known to have committed similar acts of abuse and misconduct;

(2) Defendants refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by its peace officers;

(3) Defendants reprimanded, threatened, intimidated, demoted and fired officers who broke from the code of silence and courageously reported acts of abuse and dishonesty by other officers;

(4) Defendants covered up acts of misconduct, dishonesty and abuse by Los Angeles Sheriff Department employees and openly sanctioned a code of silence by and among officers;

(5) Defendants rewarded officers who displayed aggressive and abusive behavior;

(6) Defendants failed to adequately train and educate officers in the use of reasonable and proper force and failed to enforce the department's written regulations with respect to uses of force and regulations related to illegal, immoral and criminal misconduct;

(7) Defendants failed to adequately supervise the actions of officers under their control and guidance;

(8) Defendants condoned and participated in the practice of prosecuting known groundless criminal charges for the purpose of insulating Defendants and their officers from civil liability and reducing

12

1

or dismissing criminal charges against individuals in return for release

2

from civil liability;

3

4

(9) Defendants condone and encourage a conspiracy of silence

5

among their employees for the purpose of concealing and furthering

6

wrongful and illegal conduct by their employees;

7

(10)    Defendants fostered and encouraged an atmosphere of

8

lawlessness, abuse and misconduct, which by the date of this

9

10

incident and thereafter, represented the unconstitutional policies,

11

practices and customs of Defendants.

12

61.    By reason of the aforesaid policies, customs, practices and

13

usages, plaintiffs' rights under the First, Fourth, and Fourteenth Amendments to

14

the United Constitution were violated.

15

16

62.    As a direct and proximate result of Defendant's conduct, Robert

17

suffered severe and permanent physical injuries, permanent disability,

18

emotional trauma, mental pain and suffering, and anxiety.

19

20

**COUNT VII – STATE CLAIM**
**BATTERY**

21

**DEFENDANTS COUNTY OF LOS ANGELES, SHERIFF OF THE COUNTY OF**

22

**LOS ANGELES, MACIEL AND BALLESTEROS**

23

63.    Each paragraph of this Complaint is incorporated as if restated

24

fully herein.

25

26

27

28

13

64.     Defendants Maciel and Ballesteros, knowingly and without legal justification or permission, harmfully and/or offensively touched Robert, thereby committing battery under California law.

65.     At all times relevant, Defendants were acting under color of the statutes, ordinances, regulations, customs, and usages of the State of California, and within the scope of their employment as employees of the COUNTY and the LASD.

66.     As a direct and proximate result of Defendants' conduct, Robert suffered extreme and severe physical injuries, emotional trauma, mental pain and suffering, and anxiety, and will continue to suffer many of these conditions in the future.

## COUNT VIII – STATE CLAIM
## MALICIOUS PROSECUTION
## DEFENDANTS COUNTY OF LOS ANGELES, SHERIFF OF THE COUNTY OF LOS ANGELES, MACIEL AND BALLESTEROS

67.     Each paragraph of this Complaint is incorporated as if restated fully herein.

68.     In the manner described more fully above, Defendants, by and through their agents, Defendants Maciel and Ballesteros, accused Robert of criminal activity and exerted influence to initiate, continue and perpetuate judicial proceedings against Robert without any probable cause for doing so.

69.     In so doing, Defendants, by and through their agents, Defendants Maciel and Ballesteros, caused Robert to be subjected improperly to judicial

14

proceedings for which there was no probable cause. These judicial proceedings

were instituted and continued maliciously, resulting in injury.

70.    Defendants' actions were committed under color of law and within

the scope of their employment.

71.    As a proximate result of Defendants' aforesaid misconduct,

Robert suffered loss of liberty, severe and permanent physical injuries,

emotional trauma, mental pain and suffering, and anxiety.

## COUNT IX – STATE CLAIM
## BANE ACT
## DEFENDANTS COUNTY OF LOS ANGELES, SHERIFF OF THE COUNTY OF LOS ANGELES, MACIEL AND BALLESTEROS

72.    Each paragraph of this Complaint is incorporated as if restated

fully herein.

73.    In the manner described more fully above, Defendants MACIEL

and BALLESTEROS, and COUNTY OF LOS ANGELES and SHERIFF OF LOS

ANGELES COUNTY, by and through their agents, Defendants Maciel and

Ballesteros, violated Plaintiff's civil rights, guaranteed by the United States

Constitution, federal law, the California Constitution, and the laws of the State of

California, with threats, intimidation, and coercion,  thereby violating California

Civil Code Section 52.1.

74.    As a proximate result of the aforesaid misconduct of Defendants

MACIEL and BALLESTEROS, and COUNTY OF LOS ANGELES and SHERIFF

OF LOS ANGELES COUNTY, Robert suffered extreme and severe physical

15

injuries, emotional trauma, mental pain and suffering, and anxiety, and will
continue to suffer many of these conditions in the future.

The Plaintiffs pray for judgment against Defendants in a fair and reasonable
amount, including compensatory and punitive damages, attorney's fees and
costs, and for any additional relief this Court deems just and proper.

## JURY DEMAND

The Plaintiffs request a trial by jury.

**DATED:**  February 3, 2024.

Respectfully submitted,

Monica     Richards     and     Christina
Slovenec, as conservators of the estate
of Robert Ponce, a disabled individual.

By:

/s/ Jordan Marsh
*Attorney for the Plaintiffs*

/s/ Thomas Beck
*Attorney for the Plaintiffs*

**LAW OFFICE OF JORDAN MARSH
LLC**
5 Revere Drive, Suite 200
Northbrook IL 60062
(224) 220-9000
jordan@jmarshlaw.com
IL Atty # 6216489

**THE BECK LAW FIRM**
Thomas Beck
P.O. Box 101
Los Alamitos, CA 90720
562-795-5835
thebecklawfirm@gmail.com
CA Bar # 81557

16